*Solomon v. Amazon.com, Inc. et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand twenty-one.

PRESENT:    PIERRE N. LEVAL,
            JOSÉ A. CABRANES
            REENA RAGGI,
                        *Circuit Judges.*

---

DAVID SOLOMON.,

        *Plaintiff-Appellant,*                                    20-1948

        v.

AMAZON.COM, INC., WHOLE FOODS MARKET, INC., JAY WARREN,

        *Defendants-Appellees,*
JANE DOE,

        *Defendant.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | NORMAN A. PATTIS (New Haven, CT), Wesley R. Mead (Astoria, NY) (*on the briefs*). |
| **FOR DEFENDANTS-APPELLEES:** | CARMEN A. NICOLAOU, White Plains, NY. |

Appeal from a June 2, 2020 judgment of the United States District Court for the Eastern District of New York (Edward R. Korman, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant David Solomon ("Solomon") appeals a judgment of the District Court that dismissed with prejudice Solomon's Amended Complaint ("Complaint") alleging claims against Defendants-Appellees Amazon.com, Inc. ("Amazon"), Whole Foods Market, Inc. ("Whole Foods"), Jay Warren, and Defendant Jane Doe (together, "Defendants") and that denied Solomon leave to file a proposed Second Amended Complaint ("SAC") on the ground of futility. Solomon's claims arise out of Whole Foods's decision to ban Solomon from its stores in response to reports that Solomon had harassed fellow shoppers and employees. As relevant to this appeal, the Complaint asserted a claim of discrimination under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq* and a defamation claim against Jane Doe. In addition to those two claims, the SAC asserted a claim of religious discrimination under Title II of the Civil Rights Act of 1964 ("Title II"), 42 U.S.C.A. § 2000a *et seq*., and breach of duty to a business invitee. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In a May 30, 2020 Memorandum and Order ("Memorandum and Order"), the District Court held that the election of remedies doctrine barred Solomon's NYSHRL claim, because Solomon had previously filed the same claim with the New York State Department of Human Rights ("NYDHR"). The District Court dismissed the defamation claim as time barred because Solomon had neither named an individual defendant in place of Jane Doe within the one-year statute of limitations nor used available tools to identify Jane Doe. Having concluded that the SAC did not cure the defects of the Complaint as to the NYSHRL and defamation claims, the court also denied Solomon leave to replead them. The court held that the SAC did not state a Title II religious discrimination claim because the "allegation that [D]efendants discriminated against him because of his religion is entirely conclusory,"[1] and therefore denied Solomon leave to plead it. Finally, the District Court denied Solomon leave to plead his putative claim for breach of duty to a business

---

[1] *Solomon v. Amazon.com, Inc.*, No. 18-CV-5528 (ERK), 2020 WL 2837007, at *3 (E.D.N.Y. May 30, 2020).

invitee on the grounds that it was predicated on non-existent legal duties.[2] Judgment entered on June 2, 2020, and Solomon timely appealed.

We review *de novo* a district court's grant of a motion to dismiss a complaint "including its interpretation and application of statutes of limitations."[3] When denial of leave to amend is based on "a determination that amendment would be futile, a reviewing court conducts a de novo review."[4]

We agree with the District Court that the election of remedies doctrine bars Solomon's NYSHRL claim, that Solomon's defamation claim is untimely, and that it would be futile to grant Solomon leave to amend to replead those claims. We also agree that the SAC does not state a claim for discrimination under Title II and that the SAC does not allege the existence of any legally cognizable duty on which to predicate a claim for breach of duty to a business invitee. It would therefore be futile to grant Solomon leave to file the SAC. Substantially for the reasons stated by the District Court in its Memorandum and Order, we affirm the judgment of the District Court.

## CONCLUSION

We have reviewed the remaining arguments raised by Solomon on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the June 2, 2020 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Principally, the asserted duties to "avoid foreseeable harm [to Solomon] due to . . . failure to preserve . . . in-store video evidence" and "take fair and equal investigative actions." *Id.* (internal quotation marks omitted).

[3] *Lehman XS Tr., Series 2006-GP2 by U.S. Bank Nat'l Ass'n v. GreenPoint Mortg. Funding, Inc.*, 916 F.3d 116, 123–24 (2d Cir. 2019).

[4] *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015) (internal quotation marks omitted).